UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SALENA PAULING,<br><br>Plaintiff<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | **SECOND AMENDED COMPLAINT**<br><br>Civil Action No.: 3:23-cv-00281 (MOC)(DCK)<br><br>Hon. Max O. Cogburn, Jr., U.S.D.J.<br>Hon. David C. Keesler, U.S.M.J. |

Plaintiff Salena Pauling ("Ms. Pauling"), by and through her attorneys at The Fuller Law Firm, P.C., as and for her Second Amended Complaint against Defendant hereby states and alleges the following, upon information and belief:

**NATURE OF ACTION**

1. This is an action for damages arising from Defendant's discrimination against Ms. Pauling on the basis of race, and for retaliation and the wrongful termination of her employment, in violation of: (a) Title VII of the Civil Rights Act of 1964; (b) 42 U.S.C. § 1981; (c) the public policy of this State, as articulated in N.C. Gen. Stat. § 143-422.2; (d) the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq.; and (e) the common law of North Carolina, including for wrongful discharge.

## JURISDICTION AND VENUE

2. This Court has obtained jurisdiction over the subject matter and the persons in this action by virtue of Defendant's removal of this action from the North Carolina General Court of Justice in the Superior Court Division, Mecklenburg County under 28 U.S.C. § 1331 and 1441. Venue is proper in this district under 28 U.S.C. § 1391.

## PARTIES

3. Ms. Pauling is an African American female former employee of Defendant who resides and is domiciled in Mecklenburg County, North Carolina.

4. Defendant Allstate Insurance Company is a corporation existing, operating and doing business in and under the laws of the State of North Carolina, with a principal place of business in Mecklenburg County. Defendant was Ms. Pauling's employer.

## FACTUAL BACKGROUND

5. Ms. Pauling began her employment with Defendant in or about May 2016 as a Customer Service Associate. When she was terminated, she was a Total Loss Service Specialist.

6. Defendant maintained a segregated workplace wherein African American employees occupied the lower-level jobs, and were rarely given higher-level jobs, such as Claims Adjuster.

7. Several times, Ms. Pauling applied for promotions to the Claims Adjuster position, but was consistently denied, even as similarly situated white employees were allowed to perform poorly and be promoted.

8. For most of her time being employed by Defendant, Ms. Pauling received satisfactory performance reviews, but when she began complaining about her work conditions, she became a target.

9. Nevertheless, Ms. Pauling did perform her job satisfactorily, and she met Defendant's legitimate expectations.

10. Ms. Pauling complained about being treated unfairly, as compared to her white comparators, and she complained to her supervisor that she was being given multiple assignments without sufficient training.

11. Specifically, Ms. Pauling complained that she was being set up to fail, in that she was not given training and when she asked questions about her work, she was silenced. She was told that she asked too many questions.

12. Once, Ms. Pauling overheard her supervisor making disparaging personal remarks about her and another co-worker, referring to one or both of them as a "big 'ol Barney" (referring to the large purple dinosaur of children's television fame).

13. Ms. Pauling was required to adhere to more stringent performance standards than her white comparators. Ms. Pauling told her supervisor that she was not being treated fairly relating to performance when similarly situated white co-workers were performing poorly.

14. Beginning in January 2022, Ms. Pauling complained about being placed in so many different assignments within a short period of time and without any training.

15. Frustrated that her complaints were being ignored, on April 19, 2022 and on April 25, 2022 Ms. Pauling asked her supervisor why she was being treated differently than her peers.

16. Hearing no response, on May 11, 2022, Ms. Pauling wrote an email to her supervisor's supervisor about the differential treatment she was receiving.

17. Almost immediately, Defendant retaliated against Ms. Pauling after she complained about Defendant's discriminatory treatment. Within two months after her complaint, Ms. Pauling was terminated.

18. In the meantime, on May 5, 2022, Ms. Pauling filed an inquiry with the EEOC concerning her discrimination complaints.

19. Defendant terminated Ms. Pauling on July 11, 2022.

20. Ms. Pauling subsequently filed a timely charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission, and on October 17, 2022, she was issued a Notice of Right to Sue.

21. Ms. Pauling now has exhausted all her administrative remedies, and timely commences this action.

## COUNT I

*[Violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981- Disparate Treatment and Retaliation]*

22. Ms. Pauling repeats and re-alleges paragraphs 1-21 of this Complaint, as if fully set forth and incorporated herein.

23. Defendant subjected Ms. Pauling to differential treatment with respect to the terms and conditions of her employment on account of her race. Further, Defendant's employment practices had a disparate impact upon Ms. Pauling.

24. When Ms. Pauling complained about Defendant's discriminatory behavior, Defendant retaliated against Ms. Pauling, resulting in her termination within two months of lodging her complaint with upper management of the company.

25. Ms. Pauling's complaints were protected activity.

-4-

Case 3:23-cv-00281-MOC-DCK    Document 13    Filed 06/26/23    Page 4 of 9

26. Defendant took adverse employment actions against Ms. Pauling as a direct and proximate result of her complaints about racially discriminatory treatment.

27. Consequently, Defendant is liable for violating Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

28. By reason of such culpability, Ms. Pauling has suffered actual damages and is entitled to recover compensatory damages, including financial losses, loss of earnings and benefits, loss of future earning capacity, loss of reputation, past and future psychological, mental and emotional distress, all in an amount exceeding $25,000.

29. Further, Defendant's conduct was willful, wanton, intentional, and in total disregard of the rights of Ms. Pauling, such that Defendant is liable for punitive damages in an amount exceeding $25,000.

30. Ms. Pauling seeks recompense in accordance with the Prayer for Relief below.

## COUNT II

### *[Wrongful Discharge]*

31. Ms. Pauling repeats and re-alleges paragraphs 1-30 of this Complaint, as if fully set forth and incorporated herein.

32. Defendant's termination of Ms. Pauling's employment violates N.C. Gen. Stat. § 143-422.2 because the termination was based on Ms. Pauling's race as an African American.

33. Ms. Pauling was employed by Defendant for more than five years where she was qualified for her job and her performance was satisfactory. She also was performing her job duties at a level that met Defendant's legitimate expectations for her position at the time she was terminated.

34. Ms. Pauling suffered an adverse employment action in that she was terminated by Defendants on July 11, 2022.

35. Defendant retained other similarly situated employees who were not African American.

36. Defendant's conduct in terminating Ms. Pauling's employment based on her race constituted wrongful discharge in violation of public policy, as articulated in N.C. Gen. Stat. § 143-422.2.

37. As a direct and proximate cause of Defendant's wrongful discharge in violation of North Carolina public policy, Ms. Pauling has suffered actual damages, including compensatory damages consisting of financial losses, loss of earnings and benefits, loss of future earning capacity, loss of reputation, and past and future psychological, mental, and emotional distress, all in an amount exceeding $25,000.

38. Defendant's conduct was willful, wanton, intentional, and in total disregard of the rights of Ms. Pauling, such that Defendant is liable for punitive damages in an amount exceeding $25,000.

39. Ms. Pauling seeks recompense in accordance with the Prayer for Relief below.

## COUNT III

*[Violation of the Family and Medical Leave Act, 26 U.S.C. § 2601, et seq.]*

40. Ms. Pauling repeats and re-alleges paragraphs 1-39 of this Complaint, as if fully set forth and incorporated herein.

41. Ms. Pauling was a primary caregiver for her mother and had to take time off work to care for her mother.

42. Defendant interfered with Ms. Pauling's care for her mother.

43. Defendant's interference was accompanied by legal malice and without legal justification.

44. Further, Defendant's interference proximately caused actual harm, injury, and damage to Ms. Pauling.

45. Consequently, Defendant is liable for violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*.

46. By reason of such culpability, Ms. Pauling has suffered actual damages and is entitled to recover compensatory damages, including financial losses, loss of earnings and benefits, loss of future earning capacity, loss of reputation, past and future psychological, mental and emotional distress, all in an amount exceeding $25,000.

47. Further, Defendant's conduct was willful, wanton, intentional, and in total disregard of the rights of Ms. Pauling, such that Defendant is liable for punitive damages in an amount exceeding $25,000.

48. Ms. Pauling seeks recompense in accordance with the Prayer for Relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Pauling prays for judgment in her favor and against Defendant on each and every count in this Second Amended Complaint for harm suffered due to the aforesaid discrimination, retaliation, violation of public policy and statutory violations, and wrongful discharge, for which she seeks the following relief:

A. An award of compensatory damages, including damages for mental and emotional distress and significant financial losses;

B. An award of economic damages for lost wages and benefits, including back pay and benefits, and front pay and benefits;

C. An award of consequential damages;

D. An award of pre- and post-judgment interest;

E. Equitable relief, including:

    i.      Ordering Defendant to take appropriate corrective action to stop and prevent racial discrimination and retaliation in the workplace;

    ii.     Ordering Defendant to undergo anti-discrimination and anti-retaliation training;

    iii.    Ordering Defendant to engage a research organization to assess the effectiveness of its anti-discrimination and anti-retaliation training; and

    iv.    Ordering Defendant to pay the attorneys' fees and disbursements of Ms. Pauling's counsel to oversee and enforce the equitable remedies identified above;

F.    An award of attorney's fees and the costs and disbursements of this lawsuit;

G.    An award of punitive damages; and

H.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Ms. Pauling hereby requests a trial by jury of all issues in this action.

Dated:    June 26, 2023                        Respectfully submitted,

s/ Trevor M. Fuller
N.C. Bar No. 27044
THE FULLER LAW FIRM, P.C.
5970 Fairview Road, Suite 450
Charlotte, North Carolina 28210
Telephone: (704) 659-5600
Email: tmfuller@thefullerlawfirm.com

*Attorneys for Plaintiff Salena Pauling*

## CERTIFICATE OF SERVICE

I certify that on June 26, 2023, I served a true and correct copy of the foregoing Second Amended Complaint by electronic filing in accordance with the rules of this Court upon:

    Alan S. King
    Noreen H. Cull
    Thanin Stewart
    Riley Safer Holmes & Cancila LLP
    70 West Madison Street
    Suite 2900
    Chicago, IL 60602
    Email: aking@rshc-law.com
    Email: ncull@rshc-law.com
    Email: tstewart@rshc-law.com

    Frederick T. Smith
    Seyfarth Shaw LLP
    300 S. Tryon Street
    Suite 400
    Charlotte, NC 28202
    Email: fsmith@seyfarth.com

*Attorneys for Defendant*

                                                                       s/Trevor M. Fuller